IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Patrick A. Fitzgerald, | : | Case No. 1:06 CV 00119 |
| Petitioner, | : | |
| v. | : | |
| | | ORDER |
| Michele Eberlin, | : | |
| Respondent. | : | |

Petitioner's habeas corpus action, filed pursuant to 28 U.S.C. § 2254, has been referred to the undersigned magistrate to conduct pretrial proceedings and to file a report and recommendation or other appropriate order. Pending are Petitioner's (1) Motion for Leave to Amend Habeas Corpus Petition (Docket No. 11), Defendant's Opposition (Docket No. 12), Petitioner's Reply (Docket No. 15) and (2) Petitioner's unopposed Motion for Relief from State Conviction) (Docket No. 18). For the reasons that follow, Petitioner's Motion for Leave to Amend Complaint and Motion for Relief from State Conviction are denied.

*Petitioner's Motion for Leave to Amend Habeas Petition (Docket No. 11)*

Petitioner claims that as a pro se litigant, the Court should grant him leave to amend his petition to include four distinct claims: (1) the State of Ohio prevented him from filing an ineffective assistance of counsel claim under Appellate Rule 26(B); (2) the Eleventh Appellate District Court failed to appoint new counsel to represent him in his appeal to the Supreme Court; (3) his trial and appellate counsel were ineffective; and (4) he will make the requisite showing of actual innocence.

Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *Smith v. Konteh*,—F. 3d—, 2006 WL 3759799, *2 (W. D. Mich. 2006) (*citing* 28 U.S.C. § 2242 ¶ 3 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Hodges v. Rose,* 570 F.2d 643, 649 (6th Cir. 1978) *cert. denied*, 98 S. Ct. 2243 (1978)). Under Rule 15(a), a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served. *Id.* Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." *Id.* (*citing* FED. R. CIV. P. 15(a); *see Mayle v. Felix,* 125 S. Ct. 2562, 2565 (2005)).

Respondent has already filed her Answer/Return of Writ; accordingly, leave of court must be obtained before Petitioner may amend his Petition. In determining whether leave should be granted, the habeas court should consider several factors, including undue delay, undue prejudice to the opposing party, and futility of amendment. *Id.* (*citing Foman v. Davis,* 83 S. Ct. 227, 230 (1962); *Coe v. Bell,* 161 F.3d 320, 341-342 (6th Cir. 1998) *cert. denied*, 120 S. Ct. 110 (1999)). A proffered amendment in a habeas case is deemed futile if it lacks merit on its face. *Id.* (*citing Moss v. United States,* 323 F.3d 445, 476 (6th Cir. 2003) *cert. denied*, 124 S. Ct. 303 (2003)). The decision to grant leave to amend is discretionary with the district court. *Id.* (*citing Coe,* 161 F.3d at 342).

The Magistrate finds that the four proffered amendments lack merit on their face; therefore, it would be futile to grant Petitioner's request to amend the Petition.

First, Petitioner contends that the State of Ohio prevented him from filing an ineffective assistance of counsel claim through Appellate Rule 26(B). Petitioner did file a claim for ineffective assistance of trial and appellate counsel under Appellate Rule 26(B) in the Eleventh District Court of Appeals (Docket No. 7, Exhibit 20). Petitioner's claim that he was prevented from filing such claim by the State of Ohio is

unsupported by the record.

Second, Petitioner claims that the appellate court erred by re-appointing counsel whose representation he criticized in the Rule 26(B) motion. He contends that he was entitled to a hearing to choose new counsel to represent him in his appeal to the Ohio Supreme Court.

The Sixth Circuit determined that the distinctions between direct review and collateral review, and the structure and function of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S. C. § 2254(d)(1) (1994 & Supp. VII), support the conclusion that a Rule 26(B) application to re-open is a collateral matter rather than part of direct review. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005). As such, there is no federal constitutional right to assistance of counsel at that stage. *Id.* (*citing Pennsylvania v. Finley,* 107 S. Ct. 1990, 1993 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further").

The Magistrate finds that Petitioner had no constitutional right to the appointment of counsel in filing his Rule 26(B) motion. Consequently, Petitioner cannot show that the deprivation of a hearing to replace counsel, to which he was not entitled, violated clearly established federal law. The deprivation of a hearing to replace counsel does not excuse the procedural default that caused Petitioner's failure to appeal the denial of the APP. R. RULE 26 motion to the Supreme Court. An amendment to include such claims would be futile.

Petitioner's third claim is that trial and appellate counsel performed ineffectively by failing to object to (1) a finding by the court that the two counts of complicity were not allied offenses, (2) Officer Kacvinsky's presence during trial, and (3) the joinder of claims. The Court finds that all of Petitioner's claims that counsel was ineffective are procedurally barred for reasons of lack of exhaustion and

procedural default. Thus, an amendment to include these claims would likewise be futile.

The Supreme Court of Ohio recognized that ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error occurred, pursuant to Rule 26. *Lagway v. Dallman*, 806 F. Supp. 1322, 1331 (N. D. Ohio 1992). If delayed reconsideration is denied then the defendant may file for delayed appeal in the Supreme Court. *Id*. (*citing State v. Murnahan*, 63 Ohio St. 3d 60, 584 N. E. 1204, syllabus ¶ 3 (1992)).

The Magistrate finds that Petitioner failed to exhaust his state remedies regarding his ineffective assistance of trial and appellate counsel. Petitioner first sought review of his ineffective assistance of trial and appellate counsel in a delayed appeal to the appellate court. Such claims were denied on their merits, and Petitioner failed to present such claims to the highest court in the state. Accordingly, Petitioner's claims are barred by a procedural default.

A procedurally defaulted claim, however, may be considered in federal habeas corpus proceedings only if the petitioner either shows "cause" for his or her failure to comply with the state's procedural rules and "prejudice" resulting from the alleged violation of federal law or shows that the federal court's refusal to consider the claim will result in a "fundamental miscarriage of justice." *Hargrave-Thomas v. Yukins,* 374 F.3d 383, 387 (6th Cir. 2004) (*citing Coleman v. Thompson,* 111 S. Ct. 2546, 2565 (1991); see, *e.g., Harris v. Reed,* 109 S. Ct. 1038, 1043 (1989)). The "cause" standard in procedural default cases "requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *Id.* (*citing McCleskey v. Zant*, 111 S. Ct. 1454, 1469 (1991) (*quoting Murray v. Carrier*, 106 S. Ct. 2639, 2645-2646 (1986)). Such factors may include "interference by officials," attorney error rising to the level of ineffective assistance of counsel, and "a showing that the factual or legal basis for a claim was not reasonably available." *Id.* (*citing Murray*, 106. S. Ct. at 2648) (internal

4

quotation marks omitted).

The "fundamental miscarriage of justice" test is met only in the "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 389 (*citing Carrier,* 106 S. Ct. at 2649-2650; *See Schlup v. Delo,* 115 S. Ct. 851, 864-865 (1995)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him" in the light of the evidence that was not presented at trial. *Id.* (*citing Schlup,* 115 S. Ct. at 867).

Even if Petitioner could offer an appropriate excuse for his failure to comply with the state's procedural rules, his claim is meritless. According to Petitioner, he failed to comply with the state's procedural rules because the appellate court erred in declining to appoint him new appellate counsel. The Magistrate has already determined that the appellate court was not obligated to provide legal counsel for an application to re-open filed pursuant to OHIO APP. R. 26(B). Petitioner cannot rely upon the appellate court's failure to appoint counsel as cause for his failure to comply with the state's procedural rules. Since Petitioner was not entitled to the appointment of legal counsel, he cannot establish a violation of a constitutional right. Consequently, he cannot meet the requirements of the miscarriage of justice test.

Finally, Petitioner claims that he can make the requisite showing of actual innocence. Thus, the Petition must be amended to include this claim. In support, Petitioner points to several lines from the trial transcript that he claims prove his whereabouts at the time of the crime and that he had no knowledge that guns were in the car[1].

Petitioner presented a claim to the appellate court that his conviction was against the manifest

---

[1]

Witness De Mario Markeef Walker did not identify Petitioner as the person who robbed him (Docket No. 8, p. 162). Jeffrey Wright could not identify Petitioner as the driver of the car involved in the robbery as the windows were tinted (Docket No. 8, p. 182).

weight of the evidence. Petitioner failed, however, to present such claim to the highest court in the state. Consequently, such claim is procedurally defaulted and not subject to habeas review.

Even if Petitioner had exhausted such claim by asserting it in a pleading filed in the Supreme Court or in his request for post-conviction relief, an amendment to the Petition alleging that he is actually innocent is futile.

The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Souter v. Jones,* 395 F.3d 577, 589 -590 (6th Cir. 2005) (*citing Schlup* at 861). Thus, the threshold inquiry is whether "new facts raise [ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* (*citing Schlup* at 861). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* (*citing Schlup* at 867). The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Id.* (*citing Bousley v. United States,* 118 S. Ct. 1604, 1611 (1998)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* (*citing Schlup* at 861). The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* (*citing Schlup* at 861).

Petitioner's allegations do not rise to the level of evidence required to show that he is innocent. Petitioner merely relies upon the testimony of witnesses who could not identify him as participating in the

actual robbery. Petitioner, however, was not charged with the actual robbery, merely complicity. The evidence showed that he provided transportation to and from the robberies. During the trial, defendant L. C. Robinson testified that Petitioner was the driver of the automobile used to rob Walker and Wright (Docket No. 8, pp. 198, 200). When Officer Michael J. DeCaro stopped the green vehicle used to transport the robbers, Petitioner was in the front passenger seat (Docket No. 8, p. 250). Subsequently, Officer Eric John Kacvinsky arrested Petitioner with a gun at his feet (Docket No. 8, p. 261).

Petitioner's references to these potential inconsistencies in the trial transcript do not constitute new eyewitness accounts or other exculpatory evidence. There is clearly no allegation of a constitutional error with new reliable evidence from which a reasonable juror would acquit Petitioner. An amendment to the Petition including a claim of actual innocence based on Petitioner's new evidence would be futile.

The Magistrate finds that it would be futile to permit the proffered amendments in this habeas case. Accordingly, the Motion to Amend is denied.

*Motion for Relief from State Conviction (Docket No. 18)*

The Magistrate construes Petitioner's motion as a request for entry of default against Respondent for having failed to respond to the Motion to Amend and Traverse. The Magistrate finds that such claims lack merit.

When a party against whom a judgment for affirmative relief is sought has failed to plead and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a) (Thomson/West 2007). An entry of default may be set aside in accordance with FED. R. CIV. P. 60(b). *Thompson v. American Home Assurance Company*, 95 F. 3d 429, 432-433 (6th Cir. 1996).

Petitioner's assertion that default should be entered for Petitioner's failure to file a reply to his Motion for Leave to Amend is incorrect. Respondent filed an Opposition to Petitioner's Motion for Leave

7

to Amend (Docket No. 12).

Petitioner's assertion that default judgment should be entered against Respondent for failure to answer the Petition for Writ of Habeas Corpus is also incorrect. Respondent filed an Answer/Return of Writ. Under the habeas rules, the response was all that is required.

A respondent is not required to answer the petition unless a judge so orders. RULES GOVERNING SECTION 2254 CASES, Rule 5. If the answer is filed, it must state whether any claim is barred by failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. RULES GOVERNING SECTION 2254 CASES, Rule 5(b). The respondent must also attach parts of the transcript that the respondent deems relevant. RULES GOVERNING SECTION 2254 CASES, Rule 5(c). The petitioner may then submit a reply to the respondent's answer. RULES GOVERNING SECTION 2254 CASES, Rule 5(e).

Respondent's answer, entitled a Return of Writ, was timely filed and supplemented with relevant portions of the trial transcript; therefore, an entry of default cannot lie.

For the foregoing reasons, Petitioner's motion for relief is denied.

In conclusion, the Magistrate finds that Petitioner's motions to amend and for relief from state conviction are not well taken. Accordingly the motions are denied.

So ordered.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: 3/22/07